CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 30, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ALUCIOUS WILLIAMS, JR., | ) | |
| Plaintiff, | ) | Civil Action No. 7:24-cv-00828 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SGT. ALLEN, *et al.*, | ) | Chief United States District Judge |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Alucious Williams, Jr., acting *pro se*, brought this 42 U.S.C. § 1983 action against Sgt. Allen, Sgt. Grubbs, Sgt. Douglas Branham, and correctional officer Rose, alleging that these defendants used excessive force and harassed him in violation of the Eighth Amendment. (Compl., Dkt. No. 1; *see also* Dkt. Nos. 1-1, 1-2, 1-3.)  Officer Rose filed a motion to dismiss, which is before the court for resolution.  (Dkt. No. 23.)  Williams filed a response to this motion. (Dkt. Nos. 55, 55-1, 55-2.)  Also before the court are several motions by Williams for intervention and for injunctive relief.  (Dkt. Nos. 41, 45 49, 50, 52, 53, 60.)

For the reasons stated in this opinion, Rose's partial motion to dismiss will be granted, and Williams' motions will be denied.

## I.  BACKGROUND

### A.  Plaintiff's Allegations

Williams' complaint raises allegations of events occurring at Red Onion State Prison. Williams alleges that on December 17, 2022, between 6:00 p.m. and 7:00 p.m., Officer Rose approached Williams' cell door and began to verbally harass him.  Williams did not respond. (Compl. ¶ 3.)

Approximately 30 minutes later, after Rose had left, Sgt. Allen, Sgt. Branham, and Sgt. Grubb came to Williams' door and told him that he was going to a strip cell because he had threatened Rose.  Williams denied saying anything to Rose.  (*Id.*)  Williams was placed in a strip cell (C-301) from approximately 6:30 p.m. to 8:35 p.m.  (*Id.* ¶ 6.)  At approximately 8:40 p.m., Sgt. Branham, Sgt. Allen, and Sgt. Grubb arrived at cell C-301 and escorted Williams back to his regular cell, C-313.  Once they reached cell C-313, Sgt. Branham, Sgt. Allen, and Sgt. Grubb slammed Williams to the floor and began to punch his face and head.  Sgt. Allen slammed Williams' face to the floor three to four times, and Sgt. Branham began to choke him to the point that he thought he was going to die.  (Compl. ¶¶ 6–7.)  Williams asserts that defendants "fabricated a story" of Williams "threatening C/O Rose to justify pulling [him] out of [his] cell to commit this act."  (Dkt. No. 1-1 at 6.)

Williams alleges that Rose's actions violated his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process.  (Compl. ¶ 14.)  Williams also claims that Rose violated VDOC Operating Procedure 420.1 (Use of Force) and 420.2 (Use of Restraints and Management of Inmate Behavior).  Plaintiff states that Rose lied about Williams threatening him so he could be placed in the strip cell and "murdered in a conspiracy to kill him."  (Compl. ¶ 14.)

**B.  Plaintiff's Motions for Injunctive Relief and for Intervention**

Williams has filed a total of seven motions for preliminary injunctive relief and/or motions for "intervention".  (Dkt. Nos. 41, 45, 49, 50, 52, 53, 60.)  These motions assert allegations pertaining to actions occurring years after the events described in the underlying lawsuit.  For example, Williams describes how he was transferred to North Carolina in May 2022, then returned to Virginia in 2024 where he was housed at Wallens Ridge State Prison and

then returned to Red Onion on August 20, 2025.  (Dkt. No. 41 at 2.)  He then alleges that his

rights have been violated since his return to Red Onion.  (*Id.* at 2–6; *see also* Dkt. No. 45 at 3

(reciting events occurring between September 16 and 24, 2025).)  Williams requests various

forms of relief, including that certain property be returned to him immediately, that his mail not

be given to other inmates, and that he be kept separate from the defendants in this and other

lawsuits.  (Dkt. No. 41 at 6–7.)

## II.  ANALYSIS

### A.  Motion to Dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's

legal and factual sufficiency.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp.

v. Twombly*, 550 U.S. 544, 555–63 (2007).  To withstand a motion to dismiss, a pleading "must

contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face."  *Iqbal*, 556 U.S. at 678.  The court need neither accept a complaint's legal conclusions

drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable

conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  The

court, however, accepts as true the complaint's well-pleaded factual allegations and construes

these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to

the non-moving party.  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255

(4th Cir. 2009).

Pleadings by pro se litigants must be construed liberally.  *King v. Rubenstein*, 825 F.3d

206, 214 (4th Cir. 2016).  "Principles requiring generous construction of *pro se* complaints are

not, however, without limits."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.

1985).  A pro se complaint must still "state a claim to relief that is plausible on its face."

*Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

## B.  Verbal Harassment and Slander

Williams' contentions against Officer Rose are that Rose verbally harassed him at his cell

door and then lied about being threatened by Williams.  He then alleges that because of the

fabricated threat to Rose, other officers assaulted Williams.  Allegations of verbal harassment are

properly analyzed under the Eighth Amendment, with § 1983 providing the cause of action.  It is

generally held that verbal harassment or verbal abuse of an inmate by prison guards, without

more, is insufficient to state a constitutional deprivation under the Eighth Amendment.  *See*

*Ratliff v. Lester*, Civil Action No. 5:20-00619, 2021 WL 1538244, at *3 (S.D. W. Va. Jan. 29,

2021) (collecting cases); *see also Owen v. Schmidt*, Civil Action No. 7:22-CV-675, 2024 WL

4173805, at *2 (W.D. Va. Sept. 12, 2024) ("allegations of verbal abuse and harassment, without

more, fail to state a claim under § 1983.") (citing *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th

Cir. 2005)).

Williams argues that these cases are distinguishable on the grounds that the harassment

was accompanied by acts that increased the credibility of the threats.  Williams notes that he

alleged in another lawsuit that Rose was among five officers who assaulted him on February 12,

2022.  (Dkt. No. 55 at 16–17 (citing Case No. 7:24-cv-127).)  Williams cannot expand the

allegations in his complaint through briefing in response to a motion to dismiss.  *See Tafah v.*

*Lake Village Townhomes*, Civil Action No. 25-1408-BAH, 2026 WL 124306, at *10 (D. Md.

Jan. 16, 2026) (explaining that "parties cannot amend their complaints through briefing" and

therefore "additional facts provided in Plaintiffs' response are not properly before the Court and

cannot be considered").  Moreover, Rose is not alleged to have assaulted or even threatened Williams in this matter.

Accordingly, Williams has failed to state an Eighth Amendment claim against Rose.

## C.  Conspiracy

Williams has also alleged that Rose conspired with Sgt. Allen, Sgt. Grubb, and Sgt. Branham to murder him.  To state a claim for civil conspiracy under § 1983, a plaintiff must allege that defendants "acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in the deprivation of a constitutional right."  *Williams v. Mitchell*, 122 F.4th 85, 91 (4th Cir. 2024) (citing *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996)).  Williams once again reiterates his claims about Rose being involved in a previous assault (Dkt. No. 55 at 23), but his briefing of additional allegations cannot constitute a plausible claim for relief.  Furthermore, Williams does not allege any agreement between Rose and the other defendants to plausibly allege a conspiracy claim against Rose.  "[A] conclusory allegation of agreement at some unidentified point does not supply facts adequate to show" a conspiracy.  *Barrett v. Pae Gov't Servs., Inc.*, 975 F.3d 416, 434 (4 th Cir.2020) (internal quotation marks and citations omitted).  Accordingly, the court will dismiss the conspiracy claim against Rose.

## D.  VDOC Operating Procedures

Finally, Williams has alleged that Rose violated certain operating procedures established or promulgated by the VDOC.  It is well-established that "violations of deadlines or procedures set forth in VDOC disciplinary regulations do not rise to the level of a federal constitutional violation actionable under § 1983."  *Bonds v. Artrip*, Case No. 7:23-cv-00579, 2025 WL 2414169, at *4 (W.D. Va. Aug. 20, 2025); *see also Anderson v. Clarke*, Case No. 7:23-cv-00618,

2024 WL 4173807, at *10 (W.D. Va. Sept. 12, 2024) (explaining that the "failure to follow internal policies is not actionable under § 1983 unless the alleged breach of policy rises to the level of a constitutional violation.  Therefore, any failure by prison officials to follow internal correctional policies is insufficient, without more, to support a § 1983 claim") (citing *Jackson v. Sampson*, 536 F. App'x 356, 357 (4th Cir. 2013)).  The court will therefore dismiss plaintiff's claim that Rose violated VDOC procedures or policies.

## E.  Motions for Injunctive Relief

Williams seeks various forms of injunctive relief in his many motions for preliminary injunction and motions to intervene.  A plaintiff seeking a preliminary injunction must establish all four of the following elements: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008).  In the context of the administration of a state prison, injunctive relief should be granted only in compelling circumstances.  *Taylor v. Freeman*, 34 F.3d 266, 269 (4th Cir. 1994).  The judiciary grants "wide ranging deference" to prison administrators on matters within their discretion.  *Wetzel v. Edwards*, 635 F.2d 283, 286 (4th Cir. 1980).

Williams has not established that he is likely to succeed on the merits of his claims.  Moreover, plaintiff's requests for injunctive relief do not arise out of the underlying claims in this lawsuit.  While a "preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit."  *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945); *see also Brooks v. Zorn*, No. 2:22-cv-00739-DCN-

MHC, 2024 WL 1571688, at *6 (D.S.C. Apr. 11, 2024) (denying motion that "seeks injunctive relief unrelated to his complaint against non-parties to this lawsuit") (citing *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997)).

For these reasons, the court will deny plaintiff's motions for injunctive relief.

### III.  CONCLUSION

The court will issue an appropriate order granting Rose's motion to dismiss and denying Williams' motions for injunctive relief.

Entered: March 30, 2026.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
Chief United States District Judge

7